FILED

2015 MAY 22 PM 2:12

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT V. WEAVER,

Plaintiff,

v.                                                    CASE NO.: 8:15 cv1247 T23 TGW

WELLS FARGO BANK, N.A.,                               JURY TRIAL DEMANDED

Defendant.
_____/

## VERIFIED COMPLAINT

**COMES NOW** Plaintiff Robert V. Weaver ("Weaver" or "Plaintiff"), by and through the undersigned law firm, and sues Defendant Wells Fargo Bank, N.A., and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

4. Plaintiff Robert Weaver is a natural person resident in the County of Pinellas, State of Florida, and is a "consumer," as that term is defined by Fla. Stat. § 559.55(2) and is also a "person" as that term is used in 47 U.S.C. § 227.

5. Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"), does business in the State of Florida, is a "creditor," as that term is defined by Fla. Stat. § 559.55(3), as well as a "person" under Fla. Stat. § 559.72 and 47 U.S.C. § 227.

6. All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others.

7. At all times mentioned herein, the agent(s) or employee(s) of Defendant were acting within the course and scope of such agency or employment and were acting with the consent, permission and authorization of Defendant.

## FACTUAL ALLEGATIONS

8. Plaintiff Robert Weaver filed a petition for Chapter 7 bankruptcy protection on June 27, 2013 (the "Bankruptcy Petition"). Case No. 8:13-bk-08544-KRM, Doc. 1.

9. At the time of filing the Bankruptcy Petition, Weaver resided in a condominium located at 10200 Gandy Blvd. N., #1135, St. Petersburg, FL 33702 (the "Property").

10. The Property was secured by a mortgage and note held by Defendant Wells Fargo, which Weaver defaulted on prior to filing the Bankruptcy Petition.

11. Included with his bankruptcy petition was a Statement of Intention, indicating that Weaver was not claiming the Property as exempt and would surrender the Property to Defendant.

12. On September 10, 2013, the Chapter 7 trustee of Weaver's bankruptcy estate, Angela Welch Esposito, filed a Notice of Intention to Sell Property indicating that the Property would be sold to Blackwater Federal Investments, LLC ("Blackwater").

13. On October 3, 2013, the Bankruptcy Court entered a discharge order discharging Weaver's debts (the "Discharge Order").

14. On October 22, 2013, the Trustee filed a Quitclaim Deed with the Bankruptcy Court deeding over the Property to Blackwater.

15. Despite Weaver no longer having any interest in the Property and the Property being sold to another party, on January 31, 2014, Defendant filed a foreclosure action against Weaver.

16. Further, while the foreclosure action was pending, Defendant began calling Weaver on the telephone about the debt and sending him letters.

17. On May 14, 2015, Weaver sued Wells Fargo for its conduct, alleging violations of the Florida Consumer Collection Practices Act. That suit was brought in the Pinellas County Court, Case No. 14-003838-CO.

18. The parties settled that case on November 7, 2014, and the original case was dismissed. Further, an *in rem* judgment was entered in the foreclosure case on November 19, 2014, ending any involvement by Weaver with the subject property.

19. Nevertheless, almost immediately after settling that original case, Wells Fargo again began trying to collect the mortgage debt. It did so despite having actual knowledge of Plaintiff's bankruptcy, his discharge, the fact that Plaintiff was represented by an attorney, its own prior settlement, and the entry of the judgment in the foreclosure case.

20. On December 16, 2014, Defendant sent Weaver a statement indicating that Weaver owes $9,795.04 and has an unpaid principal balance of $83,105.13

21. Similar statements have arrived each month since the settlement of the first case. Moreover, Defendant has sent Weaver statements related to force-placed insurance on the property. All such documents were sent to Weaver directly, not through counsel.

22. On March 3, 2015, Defendant sent Weaver a letter offering to modify the mortgage he no longer owes if Weaver sends monthly "trial payments" That letter also included payment coupons with due dates and amounts.

23. Defendant has made numerous telephone calls to Weaver with respect to the debt. Those calls were made using an automated telephone dialing system and without Weaver's consent.

24. All this conduct occurred with Defendant's knowledge of Plaintiff's bankruptcy, the discharge, the fact that Defendant was represented by counsel, the original settlement, and the foreclosure judgment.

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT WELLS FARGO

25. This is an action against Defendant for violation of Fla. Stat. § 559.55 *et seq*.

26. Plaintiffs re-allege and incorporate paragraphs 1 through 24, as if fully set forth herein.

27. Defendant is engaged in the business of soliciting consumer debts for collection and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq*.

28. The Debt is a "consumer debt" as defined by Fla. Stat. § 559.55(1) insofar as it is for primarily personal, family, or household purposes.

29. Defendant communicated certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

30. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

31. Through its conduct, described above, Defendant directly and through its agents violated the above sections of the FCCPA.

32. All conditions precedent to this action have occurred, have been satisfied or have been waived.

33. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

34. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

35. Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF THE TCPA BY DEFENDANT WELLS FARGO

36. This is an action against Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

37. Plaintiff re-alleges and reincorporates paragraphs 1 through 24, as if fully set forth here-in.

38. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

39. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

40. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant placed calls to Plaintiff's cell phone without Plaintiff's express consent using an automatic telephone dialing system.

41. Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

42. All conditions precedent to this action have occurred, have been satisfied or have been waived.

43. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

44. Based upon the willful, knowingly, and intentional conduct of the Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully request this Court enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: May 22, 2015

Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
1710 N. 19th Street, Suite 205
Tampa, Florida 33605
Phone: (813) 360-1529
Fax:    (813) 336-0832

_____
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF
## ROBERT WEAVER

I, Robert Weaver, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____          5/19/15
Robert Weaver                      Date

10