UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT V. WEAVER,

    Plaintiff,

v.                                          CASE NO. 8:15-cv-1247-T-23TGW

WELLS FARGO BANK N.A.,

    Defendant.
_____/

## **ORDER**

On June 27, 2013, while residing in a condominium secured by a mortgage, Robert Weaver petitioned for Chapter 7 bankruptcy protection, and eventually a bankruptcy court discharged Weaver's debts. On October 22, the bankruptcy trustee deeded the condominium to a non-party. Months later, Wells Fargo filed a foreclosure action against Weaver. "[W]hile the foreclosure action was pending, [Wells Fargo] began calling Weaver on the telephone about the [mortgage] debt and sending him letters." (Doc. 1 at 3)

Under the Florida Consumer Collection Practices Act, Weaver sued Wells Fargo "for its conduct," and the parties settled. (Doc. 1 at 4) "Further, an *in rem* judgment was entered in the foreclosure case on November 19, 2014, ending any involvement by Weaver with the subject property." (Doc. 1 at 4) Nonetheless, each month "since the settlement of the first case," Wells Fargo sent Weaver (not

Weaver's attorney) a debt statement and a "statement[] related to force-placed insurance on the" condominium. (Doc. 1 at 4)  On March 3, 2015, Wells Fargo "sent Weaver a letter offering to modify the mortgage he no longer owes if Weaver sends monthly 'trial payments[.]'  That letter also included payment coupons with due dates and amounts." (Doc. 1 at 4)  Further, Wells Fargo "made numerous telephone calls to Weaver with respect to the debt.  Those calls were made using an automated telephone dialing system and without Weaver's consent." (Doc. 1 at 4)  "All this conduct occurred with [Wells Fargo]'s knowledge of [Weaver]'s bankruptcy, the discharge, the fact that [Weaver[1]] was represented by counsel, the original settlement, and the foreclosure judgment." (Doc. 1 at 5)

In this action, Weaver sues (Doc. 1) under the Florida Consumer Collection Practices Act (Count I) and the Telephone Consumer Protection Act (Count II). Wells Fargo moves (Doc. 15) to dismiss each count.

## DISCUSSION

**1. Count I**

Count I alleges that Wells Fargo violated Section 559.72(7), (9), and (18), Florida Statutes, which state:

> In collecting consumer debts, no person shall:

---

[1] Weaver mistakenly uses "Defendant"; a review of the complaint clarifies that Weaver intended to write "Weaver."

> (7) Willfully communicate with the debtor . . . with such
> frequency as can reasonably be expected to harass the
> debtor . . . , or willfully engage in other conduct which can
> reasonably be expected to abuse or harass the debtor . . . .
>
> . . . .
>
> (9) Claim, attempt, or threaten to enforce a debt when such
> person knows that the debt is not legitimate, or assert the
> existence of some other legal right when such person knows that
> the right does not exist.
>
> . . . .
>
> (18) Communicate with a debtor if the person knows that the
> debtor is represented by an attorney with respect to such debt and
> has knowledge of, or can readily ascertain, such attorney's name
> and address, unless the debtor's attorney fails to respond within
> 30 days to a communication from the person, unless the debtor's
> attorney consents to a direct communication with the debtor, or
> unless the debtor initiates the communication.

Wells Fargo misquotes Rule 10(b), Federal Rules of Civil Procedure, and argues that the complaint is a shotgun pleading because Count I alleges three claims. However, Rule 10(b) states, "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." In this action, the claims are not founded on separate transactions or occurrences and pleading the claims separately would not promote clarity.

Also, Wells Fargo argues that Weaver fails to state a claim under Section 559.72(7) because Count I "fails to allege the purpose of, or the actual frequency and number of those communications." (Doc. 15 at 5) Wells Fargo characterizes the claim as alleging that "the frequency of Wells Fargo's

- 3 -

communications amounted to harassment." (Doc. 15 at 4)  Weaver explains that Wells Fargo misunderstands Weaver's claim under Section 559.72(7).  Weaver explains that Section 559.72(7) outlaws not only communications "with such frequency as can reasonably be expected to harass the debtor" but also "other conduct which can reasonably be expected to abuse or harass the debtor."  Count I alleges a claim under the second clause in Section 559.72(7).  Thus, Wells Fargo allegedly violated Section 559.72(7) not by contacting Weaver too frequently but by contacting Weaver about debt Weaver retained no obligation to pay.[2]

**2. Count II**

Count II alleges that Wells Fargo violated 47 U.S.C. § 227(b)(1)(A)(iii), which states:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

---

[2] Citing *Story v. J. M. Fields, Inc.*, 343 So. 2d 675, 677 (Fla. 1st DCA 1977) (Smith, J.), Wells Fargo briefly mentions that the complaint lacks an allegation describing Wells Fargo's "purpose" in calling Weaver. *Story* explains that the purpose of a creditor's calls can affect the number of calls required for the creditor's calls to constitute abuse or harassment. Because Count I alleges a claim under the second clause in Section 559.72(7), not the first clause, *Story* is inapposite. Nonetheless, the complaint alleges that Wells Fargo lacked a justified purpose for contacting Weaver, and thus Weaver argues, "Given the circumstances, it is arguable that any communication by [Wells Fargo] with [Weaver] is frequent enough to be reasonably expected to harass [Weaver], under the first half of Section 559.72(7), Florida Statutes." (Doc. 20 at 5 n.1)

According to the complaint, Wells Fargo violated Section 227(b)(1)(A)(iii) by "plac[ing] calls to [Weaver]'s cell phone without [Weaver]'s express consent using an automatic telephone dialing system." (Doc. 1 at 8)  Further, Wells Fargo "willfully, knowingly, and intentionally made multiple calls to [Weaver]'s cell phone . . . utilizing an automatic telephone dialing system after [Weaver] told [Wells Fargo] that [Wells Fargo] did not have permission to call [Weaver]'s cell phone." (Doc. 1 at 8)

Citing *Strand v. Corinthian Colleges, Inc.*, 2014 WL 1515494, at *1 (W.D. Mich. Apr. 17, 2014) (Bell, J.), Wells Fargo argues that Count II fails to state a claim because Count II fails to allege Weaver's cellular telephone number.  However, "other district courts considering the question have consistently rejected the position taken by . . . *Strand*"; instead, "at the pleading stage, [Section 227(b)(1)(A)(iii)] does not require Plaintiff to provide the cell phone number that Defendant allegedly called." *Williams v. Bank of Am., Nat. Ass'n*, 2015 WL 3843251, at *3–4 (D.S.C. June 19, 2015) (Harwell, J.); *accord Margulis v. Generation Life Ins. Co.*, 2015 WL 1260483, at *2 (E.D. Mo. Mar. 19, 2015) (Limbaugh, J.) (citing seven opinions that disagree with *Strand*); *Ott v. Mortgage Investors Corp. of Ohio*, 65 F. Supp. 3d 1046, 1059 (D. Or. 2014) (Stewart, Mag. J.) ("*Strand* is contrary to most other district courts, . . . [which] do not require such detail at the pleading stage in order to provide adequate notice to a . . . defendant."); *Crawford v. Target Corp.*, 2014 WL 5847490, at *4

(N.D. Tex. Nov. 10, 2014) (Boyle, J.) (rejecting *Strand* and "instead find[ing] that a plaintiff's specific telephone number is not essential to providing a defendant notice of the conduct charged"); *Manfred v. Bennett Law, PLLC*, 2012 WL 6102071, at *2 n.2 (S.D. Fla. Dec. 7, 2012) (Seitz, J.) ("Plaintiff need not allege his specific cellular telephone number.").

Also, Wells Fargo argues, "[T]he Complaint merely makes the conclusory statement that an automatic dialing system was used to place the calls. Absent such basic facts (or even enough facts to draw an inference regarding these basic facts), the Complaint is insufficient to state a cause of action." (Doc. 15 at 8)

Weaver alleges that Wells Fargo "made multiple calls to [Weaver]'s cell phone . . . utilizing an automatic telephone dialing system" (Doc. 1 at 8), but "'[b]ald assertions' will not overcome a Rule 12(b)(6) motion." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). *Moore's Federal Practice*, Vol. 2, § 12.34[1][b] (3d ed. 2015), explains further:

> [C]onclusory allegations . . . are not entitled to the assumption of truth. A court considering a motion to dismiss can disregard these conclusory allegations and judge the complaint only on well-pleaded factual allegations. While facts must be accepted as alleged, this does not automatically extend to bald assertions . . . . The plaintiff need not include evidentiary detail, but must allege a factual predicate concrete enough to warrant further proceedings.

- 6 -

To state a claim under Section 227(b)(1)(A)(iii), a plaintiff must plausibly allege — not merely assert — facts suggesting that the defendant used a automated telephone dialing system.

Weaver alleges no "factual predicate concrete enough to warrant further proceedings." Instead, Weaver merely asserts that Wells Fargo used an automatic telephone dialing system (ATDS), and that "bald assertion" "will not overcome a Rule 12(b)(6) motion." *Speidel v. JP Morgan Chase & Co.*, 2014 WL 582881, at *2 (M.D. Fla. Feb. 13, 2014) (Steele, J.) ("[P]laintiff alleges that defendant willfully violated the [Section 227(b)(1)(A)(iii)] by placing calls using an automatic telephone dialing system . . . . No additional allegations are provided. The Court finds that such allegations merely follow the language of the statute . . . . [Thus, the plaintiff's claim] lacks adequate factual support."); *Freidman v. Massage Envy Franchising, LCC*, 2013 WL 3026641, at *2 (S.D. Cal. June 13, 2013) (Lorenz, J.) (holding that the plaintiffs allegations that the defendant's text messages "were placed via an 'automatic telephone dialing system'" "do nothing more than assert a speculation"); *Johansen v. Vivant, Inc.*, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (Aspen, J.) ("Use of an ATDS and the pre-recorded nature of the messages are not legal conclusions, they are facts. Still, when a fact is itself an element of the claim, . . . it is not sufficient to recite that fact verbatim without other supporting details."); *Ibey v. Taco Bell Corp.*, 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012) (Huff, J.) (finding

insufficient the plaintiff's "conclusory" allegation that the defendant "used an ATDS").

Weaver responds that many opinions permit conclusory allegations similar to Weaver's. However, nearly every opinion that Weaver cites considered a complaint that supplemented a bald assertion with allegations suggesting that the defendant employed an automated telephone dialing system. *Isgett v. Northstar Location Servs., LLC*, 2015 WL 4072094, at *3 (D.S.C. July 2, 2015) (Harwell, J.) ("Plaintiff alleges Defendant made several phone calls within a twenty-four hour period, used six different telephone numbers, placed calls from telephone number (678) 784–3682 using an automated dialer, and made the calls to collect an alleged debt. These allegations lend further credence to the inference that Defendant used an ATDS to generate calls to Plaintiff's cell phone."); *Legg v. Quicken Loans, Inc.*, 2015 WL 897476, at *2 (S.D. Fla. Feb. 25, 2015) (Scola, J.) ("Plaintiff . . . alleges that Defendant used a specific type of autodialer."); *Reid v. GE Capital Retail Bank*, 2014 WL 6981426, at *3 (S.D. Ga. Dec. 9, 2014) (Hall, J.) ("Plaintiff alleges that she received fifty-four automated calls from Defendant over a two-week period, noting the day, time and debt collection purpose of each call . . . ."); *Neptune v. Whetstone Partners, LLC*, 34 F. Supp. 3d 1247, 1250 (S.D. Fla. 2014) (Dimitrouleas, J.) (noting allegations that the defendant called forty-five times, called "several times" in one day, called "on back to back days," and employed prerecorded messages with

- 8 -

"generic content"); *Petitt v. U.S. Bank Nat. Ass'n*, 2014 WL 3053240, at *2 (M.D. Fla. July 7, 2014) (Covington, J.) (noting the plaintiff's *pro se* status and the allegation that "each time the Plaintiff answered the cell phone there was a 1–3 second pause before an answer"); *Hashw v. Dep't Stores Nat. Bank*, 986 F. Supp. 2d 1058, 1061 (D. Minn. 2013) (Kyle, J.) ("[The plaintiff] has alleged (1) he received 112 calls over a relatively short period of time from the same telephone number and (2) the calls related to his debt and/or telemarketing.  In the Court's view, these allegations are sufficient, at the pleading stage, to draw the inference that an ATDS was used."); *Torres v. Nat'l Enter. Sys., Inc.*, 2012 WL 3245520, at *3 (N.D. Ill. Aug. 7, 2012) (Der-Yeghiayan, J.) (noting the plaintiff's allegation that she "received messages with a pre-recorded voice").

Like the plaintiff in *Padilla v. Whetstone Partners, LLC*, 2014 WL 3418490, at *2 (S.D. Fla. July 14, 2014) (Moreno, J.), Weaver alleges only that the defendant used an automated dialing system, and therefore Weaver "fails to explain the circumstances that suggest Defendant used an automatic calling device."  Weaver "could detail whether there was a pause upon his answering the call, the content of the . . . messages [he received] (i.e. were they identical messages?), or any other fact that would support his conclusory allegation that he received calls from an automatic telephone dialing system."  *Padilla*, 2014 WL 3418490, at *2; *accord Reid v. GE Capital Retail Bank*, 2014 WL 6981426, at *2 (S.D. Ga. Dec. 9, 2014) (Hall, J.) ("In light of a

plaintiff's difficulty in obtaining information about the equipment used to make a call prior to discovery, a plaintiff can avoid dismissal by alleging facts about the circumstances surrounding the call sufficient to create a plausible inference that the call was made using an A.T.D.S."); *see also Legg v. Voice Media Grp., Inc.*, 990 F. Supp. 2d 1351, 1354 (S.D. Fla. 2014) ("[The plaintiff] supports his allegations . . . by reference to [the defendant]'s presence in over 50 major metropolitan areas and voluminous consumer complaints about text messages received from [the defendant]. [The plaintiff] contends that such mass messaging would be impracticable without the use of an automatic telephone dialing system. The Court finds these factual allegations of mass messaging from [the defendant] that could only be achieved via an automatic telephone dialing system sufficient to support a reasonable inference that [the defendant] has used such a system." (citations omitted)); *Strickler v. Bijora, Inc.*, 2012 WL 5386089, at *2 (N.D. Ill. Oct. 30, 2012) (Norgle, J.) (noting the plaintiff's allegations that the defendant sent "messages targeting 'Ladies!' (not specific individuals) and advertising 'Blowout!' sales"); *Connelly v. Hilton Grant Vacations Co., LLC*, 2012 WL 2129364, at *4 (S.D. Cal. June 11, 2012) (Sammartino, J.) ("Plaintiffs allege that '[t]he calls had a delay prior to a live person speaking to Plaintiffs or did not even transfer to a live person (resulting in silence on the other end of the phone), indicating that [the defendant] placed the calls using an

automatic telephone dialing system.'").  Without those allegations, Count II fails to state a claim.[3]

## CONCLUSION

Wells Fargo's motion (Doc. 15) to dismiss is **GRANTED IN PART**.  Count II is **DISMISSED WITHOUT PREJUDICE**.  No later than **AUGUST 24, 2015**, the plaintiff may amend Count II.

ORDERED in Tampa, Florida, on August 10, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] Also, Wells Fargo argues that Count II fails to state a claim because Weaver "does not — and cannot — allege that Wells Fargo did not have prior express consent to call him using an automatic telephone dialing system or pre-recorded voice." (Doc. 15 at 9) Because this order dismisses Count II, resolving Wells Fargo's argument is unnecessary. Nonetheless, a preliminary investigation suggests that the argument is flawed. *See Manfred v. Bennett Law, PLLC*, 2012 WL 6102071, at *2 (S.D. Fla. Dec. 7, 2012) (Seitz, J.) ("[P]rior express consent is an affirmative defense, not an element of the claim. Thus, Plaintiff need not plead that he did not give his prior express consent." (citing *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012) (Scola, J.) (stating that "the prior express consent exemption acts as an affirmative defense, and 'the burden will be on the creditor to show it obtained the necessary prior express consent'"))).